IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| C° CHANGE SURGICAL LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEDICAL SOLUTIONS, INC., )<br>)<br>Defendant. ) | Civil Action No.: 1:06CV785 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff C° Change Surgical LLC, asserting its Complaint for Declaratory Judgment against Defendant Medical Solutions, Inc., alleges as follows:

**NATURE OF THE ACTION**

1. This is a complaint for a declaratory judgment of patent invalidity, unenforceability, and non-infringement. This action arises under the provisions of the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

**THE PARTIES**

2. Plaintiff C° Change Surgical LLC ("C Change") is a limited liability company organized and existing under the laws of the State of North Carolina and having a principal place of business in Winston-Salem, North Carolina.

3. Upon information and belief, Defendant Medical Solutions, Inc. ("MSI") is a corporation organized and existing under the laws of the Commonwealth of Virginia and having a principal place of business in Chantilly, Virginia.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202, in that it arises under an Act of Congress relating to patents and in that there is an actual and justiciable case or controversy between C Change and Defendant MSI as to the non-infringement, invalidity and unenforceability of the Patents in Suit (defined below).

5. This Court has personal jurisdiction over MSI because MSI's allegations of infringement affect the ability of C Change to conduct its business in the State of North Carolina and because, upon information and belief, MSI does business in this jurisdiction. The injury to Plaintiff as a proximate result of MSI's allegations will be felt within this State.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that a substantial part of the events giving rise to allegations made by MSI occurred in the Middle District of North Carolina and Defendant MSI is subject to personal jurisdiction in the Middle District of North Carolina.

**FACTUAL BACKGROUND**

7. C Change is engaged in the business of developing and commercializing technologies that improve operating room staff and procedure efficiency, patient safety and clinical outcomes in surgical procedures. Specifically, C Change has developed IntraTemp™, a mobile workspace that controls the temperature of surgical fluids.

8. Upon information and belief, MSI is a medical development, manufacturing, and distribution company that also has developed technology for controlled heating and temperature maintenance of medical fluids and related equipment.

9. Upon information and belief, MSI is the owner of U.S. Patent No. 6,259,067 (the "'067 Patent"), which issued on July 10, 2001 and is entitled "Temperature Control System and Method for Heating and Maintaining Medical Items at Desired Temperatures," and U.S. Patent No. 6,384,380 (the "'380 Patent"), which issued on May 7, 2002 and is entitled "Temperature Control Cabinet System and Method for Heating Items to Desired Temperatures." The '067 and '380 Patents sometimes are collectively referred to as the "Patents in Suit."

10. On July 13, 2006, MSI filed a complaint for patent infringement against C Change in the United States District Court for the District of Columbia (the "Infringement Complaint"), alleging that C Change's actions in manufacturing, using, offering to sell and selling equipment that controls heating of medical fluids and related equipment (i.e., the IntraTemp™) infringe the '067 and '380 Patents. MSI also alleges that C Change has actively infringed and/or induced infringement of and/or contributorily infringed the '067 and '380 Patents.

11. C Change has not made, used, offered for sale or sold in the District of Columbia any equipment that controls heating of medical fluids or related equipment and, upon information and belief, is not subject to personal jurisdiction in that forum. Accordingly, C Change is responding to the Infringement Complaint by moving the United States District Court for the District of Columbia to dismiss the Infringement Complaint for

3

lack of personal jurisdiction. C Change is reasonably apprehensive of suit by Defendant MSI given that MSI has sued C Change in another venue and, if the Infringement Complaint is dismissed for lack of personal jurisdiction, C Change is reasonably apprehensive that Defendant MSI will attempt to re-file the complaint in another judicial district.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement)

12. The allegations contained in Paragraphs 1 through 11 above are incorporated by reference as if fully set forth herein.

13. An actual and justiciable case or controversy has arisen between C Change and MSI as to the non-infringement of the '067 and '380 Patents.

14. The '067 and '380 Patents have not been infringed and are not being infringed by C Change.

15. To resolve the factual and legal issues raised by MSI and C Change and to afford relief from the uncertainty that MSI's allegations have precipitated, C Change is entitled to have a declaration and finding of fact that it does not infringe either the '067 Patent or the '380 Patent.

16. The continuation of allegations of infringement by MSI without swift adjudication is injurious to the reputation, goodwill, and business of C Change and comprises damages.

## COUNT TWO
### (Declaratory Judgment of Invalidity and Unenforceability as to the '067 Patent)

17. The allegations contained in Paragraphs 1 through 16 above are incorporated by reference as if fully set forth herein.

4

18. An actual and justiciable case or controversy has arisen between C Change and MSI as to the invalidity and unenforceability of the '067 Patent.

19. Upon information and belief, the '067 Patent is invalid under title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102 and 103.

20. Upon information and belief, the '067 Patent is unenforceable due to inequitable conduct before the Patent and Trademark Office (the "Patent Office") in obtaining the '067 Patent. Upon information and belief, in prosecuting the '067 Patent, the inventors listed on the '067 Patent, Durward I. Faries, Jr. ("Mr. Faries"), Bruce R. Heymann ("Mr. Heymann"), and Calvin Blankenship ("Mr. Blankenship"), intentionally failed to disclose to the Patent Office material prior art. Specifically, upon information and belief, the inventors were aware of but intentionally failed to disclose at least the following material information: U.S. Patent Number 5,653,938 filed on April 26, 1995 and issued to Messrs. Faries and Heymann on August 5, 1997 (the "'938 Patent"); U.S. Patent Number 5,879,621 filed on August 4, 1997 and issued to Messrs. Faries and Heymann on March 9, 1999 (the "'621 Patent"); U.S. Patent Number 6,091,058 filed on March 23, 1998 and issued to Messrs. Faries, Heymann, and Blankenship on July 18, 2000 (the "'058 Patent"); the application(s) leading to U.S. Patent Number 6,294,762 filed on October 6, 1999 and issued to Messrs. Faries, Heymann, and Blankenship on September 25, 2001 (the "'762 Patent"); the application(s) leading to U.S. Patent Number 6,255,627 filed on June 27, 2000 and issued to Faries, Heymann, and Blankenshipon July 3, 2001 (the "'627 Patent"); and the '627 Patent.

5

US2000 9484323.2 55362-317991

21. The Rules of the Patent Office provide that an applicant and applicant's patent attorney have a duty to disclose to the Office information they are aware of which is material to the examination of the application.

22. As the assignee of the '067 Patent, MSI also had a duty to disclose material information of which it was aware.

23. Upon information and belief, a reasonable examiner would have considered each of the non-disclosed patents material to the examination of the application for the '067 Patent.

24. Upon information and belief, the non-disclosed patents were not cumulative to any of the other prior art references cited during prosecution of the '067 Patent.

25. Upon information and belief, in intentionally withholding material information from the Patent Office during the prosecution of the '067 Patent, the inventors engaged in inequitable conduct, and thus the '067 Patent is invalid and unenforceable.

26. To resolve the factual and legal issues raised by MSI and C Change and to afford relief from the uncertainty that MSI's allegations have precipitated, C Change is entitled to have a declaration and finding of fact that the '067 Patent is invalid for failure to comply with one or more of the conditions and requirements for patentability under 35 U.S.C. §§ 102 and 103, and unenforceable due to inequitable conduct.

27. The continuation of allegations of infringement by MSI without swift adjudication is injurious to the reputation, goodwill, and business of C Change and comprises damages.

US2000 9484323.2 55362-317991

## COUNT THREE
### (Declaratory Judgment of Invalidity and Unenforceability as to the '380 Patent)

28. The allegations contained in Paragraphs 1 through 27 above are incorporated by reference as if fully set forth herein.

29. An actual and justiciable case or controversy has arisen between C Change and MSI as to the invalidity and unenforceability of the '380 Patent.

30. Upon information and belief, the '380 Patent is invalid under title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102 and 103.

31. Upon information and belief, the '380 Patent is unenforceable due to inequitable conduct before the Patent Office in obtaining the '380 Patent. Upon information and belief, in prosecuting the '380 Patent, the inventors listed on the '380 patent, Messrs. Faries, Heymann and Blankenship, intentionally failed to disclose to the Patent Office material prior art. Specifically, upon information and belief, the inventors were aware of but intentionally failed to disclose at least the following material information: the '938 Patent, the '621 Patent, the '058 Patent, the application(s) leading to the '627 Patent and the '627 Patent.

32. Upon information and belief, a reasonable examiner would have considered each of these non-disclosed patents material to the examination of the application for the '380 Patent.

33. Upon information and belief, the non-disclosed patents were not cumulative to any of the other prior art references cited during prosecution of the '380 Patent.

34. Upon information and belief, in intentionally withholding material information from the Patent Office during the prosecution of the '380 Patent, the inventors engaged in inequitable conduct, and thus the '380 Patent is invalid and unenforceable.

35. To resolve the factual and legal issues raised by MSI and C Change and to afford relief from the uncertainty that MSI's allegations have precipitated, C Change is entitled to have a declaration and finding of fact that the '380 Patent is invalid for failure to comply with one or more of the conditions and requirements for patentability under 35 U.S.C. §§ 102 and 103, and unenforceable due to inequitable conduct.

36. The continuation of allegations of infringement by MSI without swift adjudication is injurious to the reputation, goodwill, and business of C Change and comprises damages.

37. In light of, among other things, MSI's assertion of patents procured, upon information and belief, through inequitable conduct, the present case is an exceptional case under 35 U.S.C. §285, requiring payment of C Change's attorneys' fees by Defendant MSI.

WHEREFORE, Plaintiff C Change respectfully prays that judgment be entered in its favor against Defendant MSI as follows:

1. That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, the respective rights and relations of the parties with respect to the matters in issue, including a declaration that the Patents in Suit and the claims thereof are invalid, void and unenforceable and that C Change has not committed any act of infringement of the Patents in Suit;

US2000 9484323.2 55362-317991

2. That Defendant MSI be enjoined from asserting the Patents in Suit against C Change and its representatives, agents, customers and/or contractors, present or prospective;

3. That the Court adjudge this case to be an exceptional case under 35 U.S.C. § 285 and order Defendant MSI to pay C Change's attorneys' fees;

4. That C Change recover of Defendant MSI all costs incurred in this action;

5. That C Change have and receive a trial by jury on all issues so triable; and

6. That the Court grant to C Change such other and further relief as it deems just and proper.

This the 15th day of September 2006.

/s/ Tonya R. Deem
Steven Gardner
N.C. State Bar No. 20984
Email: sgardner@kilpatrickstockton.com
Tonya R. Deem
N.C. State Bar No. 23075
Email: tdeem@kilpatrickstockton.com

*Attorneys for Plaintiff C° Change Surgical LLC*

KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500