IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| C$^o$ CHANGE SURGICAL LLC, | ) )|
| Plaintiff, | ) ) ) Case No. 1:06-CV-785-UA-WWD |
| vs. | ) ) |
| MEDICAL SOULTIONS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF C CHANGE SURGICAL LLC'S MOTION TO STAY PENDING REEXAMINATION OF THE PATENTS-IN-SUIT

Plaintiff C$^o$ Change Surgical LLC ("C Change") respectfully seeks an Order staying this litigation pending the United States Patent and Trademark Office's ("USPTO") determination of whether to grant the request for *ex parte* reexamination of the patents-in-suit (U.S. Patent Nos. 6,259,067 and 6,384,380) recently submitted to the USPTO and, if reexamination is ordered, pending the outcome of the reexamination proceeding.

There is a high probability that the request for reexamination will be granted for both patents-in-suit. Therefore, staying the case could eliminate the dispute altogether, if one or more of the claims in the patents-in-suit are found to be anticipated and/or obvious, or at the very least, streamline the issues that will be presented to this Court. A stay will avoid wasteful and unnecessary use of the parties' and the Court's resources and

US2000 11284377.1

will ultimately hone the issues to be presented at trial, should the litigation proceed after reexamination.

Discovery in this case has not yet begun. If this case were allowed to proceed at the same time as a reexamination, the parties and the Court could spend significant time and resources in discovery, dispositive motions, and ultimately trial on patents that may be determined to be invalid. A waste of judicial resources can be avoided by staying the case pending determination of the request for reexamination and during the reexamination if it should be granted.

## FACTUAL BACKGROUND

Defendant Medical Solutions, Inc. ("MSI") filed a complaint against C Change for infringement of U.S. Patent Nos. 6,259,067 (the "'067 patent") and 6,384,380 (the "'380 patent") in the United States District Court for the District of Columbia (the "D.C. Action") on July 13, 2006. In September 2006, C Change moved to dismiss the D.C. Action on the grounds that it was not subject to personal jurisdiction. Fearing that MSI would simply file a new suit in another inconvenient and/or inappropriate venue, at the same time, C Change initiated this declaratory judgment action in North Carolina (the "Declaratory Judgment Action"). On December 4, 2006, this Court stayed this Declaratory Judgment Action pending resolution of C Change's motion to dismiss the D.C. Action. (Dkt. No. 8.)

Finding that C Change was not subject to personal jurisdiction and denying MSI's request to take discovery regarding C Change's contacts with the venue, the United States

District Court for the District of Columbia dismissed the D.C. Action.  MSI appealed the ruling to the Federal Circuit, which affirmed the dismissal in a 3-0 ruling.

With the appeal complete, this Court released the stay.  (Dkt. No. 13.)  After seeking an extension, MSI answered the declaratory judgment complaint on December 1, 2008 and filed a counterclaim, alleging willful infringement.  C Change responded to the counterclaim on January 5, 2009.

On March 10, 2009, C Change filed with the USPTO a request for *ex parte* reexamination of both the '067 and the '380 patents identifying a number of previously undisclosed prior art references that render both the '067 and the '380 patents invalid.  *See* Request for *Ex Parte* Reexamination Transmittal Form (PTO/SB/57) of U.S. Patent 6,259,067 (Exhibit A); Request for *Ex Parte* Reexamination Transmittal Form (PTO/SB/57) of U.S. Patent 6,384,380 (Exhibit B).  The PTO will either accept or reject C Change's request for reexamination by June 10, 2009, if not earlier.

## ARGUMENT

**I.	*Ex Parte* Reexamination Provides a Venue for an Efficient Determination of Patent Validity before an Experienced Patent Office Examination Group.**

Congress created the *ex parte* reexamination process in 1980 for the purpose of permitting "any party to petition the Patent Office to review the efficacy of a patent, subsequent to its issuance, on the basis of new information about preexisting technology that may have escaped review at the time of the initial examination of the patent application."  H.R. Rep. No. 96-1307, at 4 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460, 6463.  The intent of Congress was that "[r]eexamination will permit efficient resolution

3

of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation." *Id.*

Any person may file a request for *ex parte* reexamination of any claim of a patent at any time during the enforceability of the patent. *See* U.S.C. § 302; 37 C.F.R. § 1.510. If the USPTO determines that a "substantial new question of patentability affecting any claim of the patent concerned is raised by the request," it must order an *ex parte* reexamination proceeding to resolve the question. *See* 35 U.S.C. §§ 303(a), 304; 37 C.F.R. §§ 1.515, 1.525. The patent owner may, within a reasonable time of the order of reexamination, file a statement on the question of patentability, including proposal of new patent claims or amendments to preexisting patent claims. 35. U.S.C. § 304. However, any amendments or newly proposed claims must not enlarge the scope of any preexisting claims. 35 U.S.C. § 305.

The USPTO does not presume the validity of any claims at issue in reexamination proceedings, which is in contrast to the presumption of validity that applies in litigation. *In re Etter*, 756 F.2d 852, 856 (Fed. Cir. 1985) (holding that the "law compels the view that § 282 is not applicable to claims about which "a substantial new question of patentability," 35 U.S.C. § 305, is under consideration in a reexamination proceeding."). Further, the purpose of reexamination proceedings "is to 'start over' in the PTO with respect to the limited examination areas involved, and to *re* examine the claims, and to *examine* new or amended claims, as they would have been considered if they had been

4

originally examined in light of all of the prior art of record in the reexamination proceeding." *Etter*, 756 F.2d at 857 (emphasis in original).

C Change's reexamination requests will almost certainly result in the commencement of reexamination proceedings in the USPTO. Since July 1, 1981, when the *ex parte* reexamination process was initiated, the USPTO has granted 8,620 out of 9,382 decisions it has made on requests, or 92% of the requests. U.S. Patent and Trademark Office, *Ex Parte* Reexamination Filing Data – December 31, 2008, at 1, *available at* http://www.uspto.gov/patents/documents/ex_parte.pdf (Exhibit C). Moreover, the reexamination proceedings will likely result in changes to the claims. In the 6,595 reexamination certificates issued by the USPTO since 1981, 4,952 reexamination certificates, or 75% of all certificates, have resulted in either cancellation of all claims of the reexamined patent or in changes to some or all claims of the reexamined patent. *Id*. at 2.

## II. This Case Should be Stayed Pending Initial Determination of Reexamination.

Stays pending reexamination are the standard. Congress, in creating the reexamination mechanism, intended for courts to liberally use their discretion to stay proceedings pending reexamination. *See* H.R. Rep. No. 96-1307, at 4, *reprinted in* 1980 U.S.C.C.A.N. at 6463 (stating that "[i]t is believed by the Committee that stay provisions are unnecessary in that such power already resides with the court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure."). Further, courts have frequently noted this legislative history as evidencing congressional

5

approval of district courts liberally granting stays. *See eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 786 (D. Colo. 2007). The liberal policy in favor of staying litigation pending reexamination "exists in large part because of the 'simplification of litigation that might result from the cancellation, clarification, or limitation of the claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'" *Cima Labs, Inc. v. Actavis Group HF*, Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007) (Exhibit D) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988)); *see also ASCII Corp. v. STD Entm't USA, Inc.*, F. Supp. 1378, 1381 (N.D. Cal. 1994) (noting that "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.").

Courts generally consider the following several factors in determining whether a stay should be granted pending reexamination:

(1) whether discovery is complete and whether a trial date has been set;

(2) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party;

(3) whether a stay will simplify the issues in question and streamline the trial; and

(4) whether a stay will reduce the burden of litigation on the parties and on the court.

*See eSoft*, 505 F. Supp. 2d at 787 (noting that courts frequently collapse the third and fourth factors).

All of the factors listed above weigh in favor of granting the stay in this case. First, while C Change and MSI have been parties to a litigation for some time (contesting jurisdiction), this action and the substantive dispute have barely begun. C Change has only recently filed its response to MSI's Counterclaims. Discovery has not yet begun, and the matter has not been scheduled for trial. In fact, MSI's lead patent litigation counsel, Mr. Laughlin, has not even entered an appearance yet. Granting a stay of proceedings is appropriate for this case in its initial stages of litigation, *i.e.*, before discovery has begun. *See NTP, Inc. v. T-Mobile USA, Inc.*, Nos. 3:07-CV-548, 3:07-CV-549, 3:07-CV-550, 3:07-CV-551, 2007 WL 3254796 (E.D. Va. Nov. 2, 2007) (Exhibit E) (granting a stay when discovery had not yet begun); *ASCII*, 844 F. Supp. at 1381 (granting a stay when the parties had "undertaken little or no discovery").

Second, a stay will not unduly prejudice MSI. Patent owners often oppose stays on the grounds that reexamination proceedings may take time. However, Congress has addressed this issue by requiring the USPTO to conduct reexaminations "with special dispatch." 35 U.S.C. § 305; *see also* 37 C.F.R. § 1.550(a) ("All *ex parte* reexamination proceedings, including any appeals to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office."); *Ethicon*, 849 F.2d at 1426 (concluding that "special dispatch envisions some type of unique, extraordinary, or accelerated movement"). In fact, under the USPTO's rules, requests for *ex parte*

7

reexamination should be reviewed by a patent examiner within six weeks after the request was filed, and a decision by the patent examiner to accept or reject the reexamination request should be mailed within ten weeks of the filing date.  *See* MPEP § 2241 (Exhibit F).  By statute, the USPTO must decide whether to accept or reject a request for *ex parte* reexamination within three months of filing.  *See* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a).  *That is, the USPTO should issue a decision on C Change's request for ex parte reexamination by May 19, 2009, and is required by statute to issue its decision by June 10, 2009.*  In addition, to determining quickly whether it will accept or reject a request for reexamination, in cases where litigation is stayed pending the *ex parte* reexamination, the USPTO expedites the reexamination itself by shortening the statutory period for responding to office actions to one month.  *See* MPEP § 2263 (Exhibit G).

Moreover, courts have found no undue prejudice when the nonmoving party has not put a significant amount of time and expense into the litigation.  *See ASCII*, 844 F. Supp. at 1380-81 (holding no undue prejudice when parties had barely begun discovery). While C Change and MSI have been in a dispute for some period of time, that dispute has been solely related to a jurisdiction issue.  Neither party has yet invested time or expense into the substance of this case—i.e., whether there is any infringement.  As a result, staying this litigation will save both C Change and MSI significant time and expense while avoid wasting the Court's resources.

Third, a stay will simplify the issues in question and streamline the trial.  By staying the litigation pending the reexamination, this Court may gain the benefit of the

USPTO's expertise. *See Paltex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985) (observing that a principal benefit of reexamination proceedings was that the procedure allows courts to refer patent validity questions to the expertise of the Patent Office); *Grayling Indus., Inc. v. GPAC, Inc.*, No. 1:89-CV-451-ODE, 19 U.S.P.Q.2d 1872, 1873, 1991 WL 236196 at *1 (N.D. Ga. Mar. 25, 1991) (Exhibit H) ("The intent behind the patent reexamination procedure, passed in 1981, clearly was to provide the federal courts with the expertise of the PTO.").

If the USPTO invalidates or narrows a claim, the surviving issues will be narrowed and simplified, and "to the extent the reexamination proceedings reaffirm the claims at issue, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims." *EchoStar Tech. Corp. v. Tivo, Inc.*, No. 5:05 CV 81 DF, 2006 WL 2501494, at *4 (E.D. Tex. July 14, 2006) (Exhibit I). Therefore, the grant of a stay would inevitably clarify the issues in question and simplify the proceedings going forward.

Fourth, a stay will reduce the burden of litigation on the parties and the Court and avoid the potential for duplicative proceedings in the event that claims are revised during reexamination. *See Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (recognizing that if the court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted). If the reexamination were to be granted and one or more claims of the patents modified or cancelled, all of the effort put into discovery, trial, and even

post-trial issues would have been unnecessarily and wastefully spent. In light of the high likelihood that an *ex parte* reexamination will be granted and the claims of patents-in-suit will be either modified or cancelled, a stay is the most efficient use of the parties' and the Court's time and resources.

## CONCLUSION

C Change believes that the requested stay would ensure that the resources of the parties and the Court are not wasted on a dispute that may disappear or be substantially altered by the reexamination of the patents-in-suit. Allowing the reexamination to proceed while this case is stayed will not unduly prejudice MSI, but will allow the Court to benefit from the USPTO's expertise in reviewing the patent's validity. Therefore, for the foregoing reasons, C Change respectfully requests that a stay be entered pending a decision on whether to grant the request for *ex parte* reexamination of the patents-in-suit and, if reexamination is ordered, until the completion of the reexaminations and the related appeals.

Respectfully submitted this the 13th day of March 2009.

/s/ Tonya R. Deem_____
Steven Gardner
N.C. State Bar No. 20984
Email: sgardner@kilpatrickstockton.com
Tonya R. Deem
N.C. State Bar No. 23075
Email: tdeem@kilpatrickstockton.com

10

KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

*Attorneys for Plaintiff C$^o$ Change Surgical LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2009, the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF C$^O$ CHANGE SURGICAL LLC'S MOTION TO STAY PENDING REEXAMINATION OF THE PATENTS-IN-SUIT was electronically filed with the Clerk of Court using the CM/CEF System that will send notification of such filing to the following:

> William K. Davis
> Alan M. Ruley
> Bell Davis & Pitt, P.A.
> Century Plaza
> 100 N. Cherry Street, Suite 600
> Winston-Salem, NC 27101
> Email: wdavis@belldavispitt.com
> Email: aruley@belldavispitt.com

and I hereby certify that I have mailed by first class mail, postage prepaid, the document to the following, who is not registered to receive Notices of Electronic Filing:

> James H. Laughlin, Jr.
> John P. Moran
> Holland & Knight, LLP
> 2099 Pennsylvania Ave., N.W., Suite 100
> Washington, D.C. 20006
> Email: jim.laughlin@hklaw.com
> Email: john.moran@hklaw.com

/s/ Tonya R. Deem_____
Tonya R. Deem
*Attorney for Plaintiff*