IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| C CHANGE SURGICAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL SOLUTIONS, INC.,<br><br>Defendant. | Case No. 1:06CV785-UA-WWD |

### RULE 26(f) REPORT OF MEDICAL SOLUTIONS, INC.

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), Tonya R. Deem, counsel for Plaintiff C Change Surgical LLC ("C Change"), and by William K. Davis and James H. Laughlin, Jr., counsel for Defendant Medical Solutions, Inc. ("MSI") have held telephone conferences on various dates to discuss, among other things, (i) the nature and bases of their claims and defenses; (ii) the possibilities for a settlement or resolution of this case; and (iii) a proposed discovery plan. The parties having been unable to reach agreement on the terms of a discovery play, MSI proposes to this Court the following plan.

### PROPOSED SCHEDULING ORDER

1. **Discovery Plan.**

    a. **Discovery Subjects**: The parties anticipates that discovery will be needed on the issues of: (i) patent infringement; (ii) patent invalidity; (iii) patent

1

unenforceability; (iv) damages; (v) willfulness, and (vii) any other pleaded assertions made by the parties. The foregoing listings are not meant to be exhaustive, and the parties reserve the right to discovery on additional subjects as the case progresses.

  b. **Case Management Track**: The parties agree that the appropriate plan for this case with stipulated modifications by the parties as set out below as provided by Local Rule 26.1(a) is Exceptional.

  c. **Completion of Discovery**: Discovery shall commence May 1, 2009. Fact discovery shall close ninety (90) days after the Court's written decision on claim construction. Expert discovery shall close sixty (60) days after the deadline to serve any rebuttal expert reports.

  d. **Modifications to the Case Management Track**:

    i. *Initial Disclosures*: The parties will exchange initial disclosures pursuant to Rule 26(a)(1) on May 1, 2009.

    ii. *Limits on Discovery*:

     (1) <u>Interrogatories</u>: Each party may serve up to fifty (50) written interrogatories including all discrete subparts.

     (2) <u>Requests for Admissions</u>: There is no limit on the number of requests for admission the parties may serve.

     (3) <u>Depositions</u>: Each party may take up to twenty-five (25) depositions (including any experts). The parties will work together in good faith to

schedule the depositions at times and locations mutually convenient with both parties and in accordance with the deadlines provided for herein.

(4) <u>Willfulness; Discovery of Opinions of Counsel</u>: The substance of any advice of counsel tendered in defense to a charge of willful infringement, and any other information which might be deemed to be within the scope of a waiver attendant to disclosure of such advice, shall not be discoverable until the earlier of: five (5) days after a ruling on summary judgment indicating a triable issue of fact to which willfulness would be relevant; or sixty (60) days prior to the close of fact discovery.

*iii.* ***Disclosure of Experts and Expert Reports****:* Each party shall make its initial expert witness disclosures and reports as required by Rule 26 (a) (2) of the Federal Rules of Civil Procedure on the issues on which each bears the burden of proof no later than thirty (30) days after the close of fact discovery. Each party shall make its initial expert witness disclosures and reports required by Rule 26 (a) (2) on the issues on which the opposing party bears the burden of proof no later than thirty (30) days after the first round of disclosures and reports. Each party shall make any rebuttal expert witness disclosures and reports permitted by Rule 26 (a) (2) no later than thirty (30) days after the second round of disclosures and reports. Expert discovery shall close sixty (60) days after the deadline for service of any rebuttal expert reports.

2. **Disclosure of Asserted Claims and Contentions.**

    a. *Asserted Claims and Preliminary Infringement Contentions.*

        (i) After the exchange initial disclosures pursuant to Rule 26(a)(1) on May 1, 2009, other discovery as contemplated by the Federal Rules may be taken and on July 15, 2009 MSI shall serve its "Disclosure of Asserted Claims and Preliminary Infringement Contentions" containing at least the following information:

        (1) Each claim of each patent in suit that is infringed by C Change;

        (2) For each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of C Change of which MSI is aware;

        (3) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that MSI contends is governed by the sixth paragraph of 35 U.S.C. § 112, the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

    b. *Non-Infringement and Invalidity Contentions.*

        (i) Not later than sixty (60) days after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," C Change, shall serve its "Preliminary Non-Infringement and Invalidity Contentions."

(ii) Non-Infringement Contentions shall contain a chart, responsive to MSI's Preliminary Infringement Contentions, that states as to each identified element in each asserted claim, whether such element is present literally or under the doctrine of equivalents in each Accused Instrumentality, and, if not, the reason for such denial and the relevant distinctions.

(iii) Invalidity Contentions must contain the following:

(1) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, identifying each item with specificity;

(2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(3) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that C Change contends is governed by 35 U.S.C. § 112, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(4) Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112.

(iv) With the "Preliminary Non-Infringement and Invalidity Contentions," C Change must produce or make available for inspection and copying: (1) documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by MSI in its infringement contentions; and (2) a copy of each

5

item of prior art identified in its invalidity contentions that does not appear in the file history of the patent(s) at issue.

  c.  *Final Contentions*

MSI's "Preliminary Infringement Contentions" will be its Final Contentions unless MSI serves "Final Infringement Contentions" which amend its "Preliminary Infringement Contentions within thirty (30) days after service by the Court of its Claim Construction Ruling.

C Change's "Preliminary Non-Infringement and Invalidity Contentions" will be its Final Contentions unless C Change serves "Final Non-Infringement and Invalidity Contentions " with amend its "Preliminary Non-Infringement and Invalidity Contentions" within forty five (45) days after service by the Court of its Claim Construction Ruling.

3.  **Claim Construction**

  a.  *Exchange of Proposed Terms and Claim Elements*

(i)  Not later than thirty (30) days after service of C Change's "Preliminary Non-Infringement and Invalidity Contentions," each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim elements which that party contends should be governed by the sixth paragraph of 35 U.S.C. § 112.

6

(ii) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

b. *Exchange of Preliminary Claim Construction and Extrinsic Evidence.*

(i) Not later than twenty (20) days after the exchange of "Proposed Terms and Claim Elements for Construction", the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by the sixth paragraph of 35 U.S.C. § 112, identify the structure(s), act(s), or material(s) corresponding to that element.

(ii) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(iii) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Statement.

### c.  *Joint Claim Construction Statement*

Not later than forty-five (45) days after the parties exchange their "Preliminary Claim Constructions" the parties shall file a Joint Claim Construction Statement, containing the following information:

(i) The construction of those claim terms, phrases, or clauses on which the parties agree.

(ii) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of witnesses including any expert witness.

(iii) The anticipated length of time necessary for the Claim Construction Hearing.

(iv) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness together with a summary of that witness' anticipated testimony in the Claim Construction Hearing, and for each expert, a disclosure and report as required in Federal Rule 26 (a) (2) (A) and (B).

### d. *Completion of Claim Construction Discovery*

Not later than forty-five (45) days after service and filing of the Joint Claim Construction Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement.

### e. *Claim Construction Briefs*

(i) Not later than sixty (60) days after serving and filing the Joint Claim Construction Statement, each party shall serve and file and opening brief and any evidence supporting its claim construction.

(ii) Not later than thirty (30) days after service upon it of an opening brief, each party shall serve and file its responsive brief and supporting evidence.

4. **Dispositive Motions**: All dispositive motions shall be filed on or before forty-five (45) days after the close of expert discovery. Oppositions to any such motions shall be filed forty-five (45) days thereafter. Replies in further support of any such motions shall be filed thirty (30) days thereafter.

5. **Supplementations under Rule 26(e)**. Supplementations are due as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

6. **Mediation**: The parties previously participated in mediation and have agreed to continue their discussions. The parties agree to further mediation under the guidance of this Court early in the discovery period, the exact date to be set by the mediator after

consultation with the parties. A mediator shall be determined by agreement of the parties on or before May 1, 2009.

**7.    Other items**

    **a.    Joinder of Parties and Amendment of Pleadings:** The parties should be allowed until ninety (90) days from the commencement of fact discovery to join additional parties or amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

    **b.    Trial by Magistrate**: The parties do not consent to a trial of this action by a Magistrate Judge.

    **c.    Protective Order:** The parties have discussed a protective order governing the treatment of confidential materials produced in discovery and anticipate filing a joint 0motion for entry of agreed protective order. The parties recognize that some initial discovery in this case may be delayed pending resolution of that motion.

    **d.    Privilege Log:** The parties agree that no party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of this lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log.

    **e.    Expert Discovery:** Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated

10

by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation.

  **f.**  **Form of Document Production:** The parties have agreed that documents and electronically stored information shall be produced electronically (e.g., on compact discs) in an imaged format (e.g., TIFF), with load files. Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native format (or any format other than images as described above), and metadata need not be produced. To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

g.  **Service via Email:** The parties agree that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via email addressed to up to two attorneys of record for each receiving party, such attorneys to be identified by the parties.

h.  **Length of Trial:** The parties anticipate that the trial of this matter will take five (5) days.

i.  **Other orders pursuant to Rule 26(c), Rule 16(b) or 16(c):** Other than a Protective Order governing discovery that the parties intend to submit to the Court for entry in the near term, the parties do not anticipate needing any other orders at this time.

Respectfully submitted, this the 13th day of March 2009.

/s/William K. Davis
William K. Davis (NCSB No. 1117)
Alan M. Ruley (NCSB No. 16407)

*Of Counsel*:

James H. Laughlin, Jr.
John P. Moran
Kristina A. Crooks
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
E-mail: jim.laughlin@hklaw.com
E-mail: john.moran@hklaw.com

BELL, DAVIS & PITT, PA
100 N. Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC 27101
Telephone: (336) 722-3700
E-mail: wdavis@belldavispitt.com
E-mail: aruley@belldavispitt.com

*Attorneys for Medical Solutions, Inc.*

IT IS SO ORDERED:

Dated: _____ _____
Honorable

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Tonya R. Deem, TDeem@KilpatrickStockton.com, *Counsel for Plaintiff C Change Surgical LLC*.

/s/William K. Davis
William K. Davis
N.C. State Bar No. 1117