# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

C Change Surgical LLC, )
)
Plaintiff, )
)  Civil Action No. 1:06CV785-TDS-
vs. )  WWD
)
Medical Solutions, Inc., )
)
Defendant. )

## RENEWED MOTION OF C CHANGE SURGICAL LLC
## TO STAY PENDING REEXAMINATION

Declaratory Judgment Plaintiff C Change Surgical LLC ("C Change"), pursuant to

Rule 7(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, respectfully

renews its request that the Court stay the above-captioned case pending the

reexaminations of U.S. Patent Nos. 6,259,067 and 6,384,380 (collectively, the "patents-

in-suit").  In support of this motion, C Change states as follows:

1.      On March 10, 2009, C Change requested that the United States Patent and

Trademark Office ("USPTO") reexamine *ex parte* U.S. Patent Nos. 6,259,067 and

6,384,380—the two patents which Declaratory Judgment Defendant Medical Solutions,

Inc. ("MSI") alleges C Change infringes.

2.      In light of the facts that (a) the USPTO grants 92% of the requests for *ex

parte* reexamination; (b) 75% of all reexamination certificates have resulted in either

cancellation of all claims of the reexamined patent or in changes to some or all claims of

the reexamined patent; and (c) stays pending reexamination of patents are common, on March 13, 2009, C Change moved to stay the litigation pending completion of the reexaminations. (Dkt. 20.) The motion was fully briefed (Dkt. Nos. 21, 25 and 26), referred to Magistrate Judge Dixon, and argued twice.

3. On April 22, 2009, the Court conducted an Initial Pretrial Conference. After hearing argument from the parties on the Motion to Stay, the Honorable Magistrate Judge Dixon continued the Initial Pretrial Conference to May 20, 2009, to allow the USPTO time to consider the requests for reexamination. The Court stayed the case until that time.

4. The Initial Pretrial Conference was reconvened on May 21, 2009. As of May 21, the USPTO had neither granted nor denied the requests for reexamination. Instead, due to procedural and administrative issues raised by the USPTO, the USPTO vacated the filing date for the requests and gave C Change thirty (30) days to submit amended requests.

5. During the May 21 Initial Pretrial Conference, after hearing additional arguments regarding the Motion to Stay and the status of the reexamination proceedings, the Court denied the Motion to Stay pending resolution of the reexamination requests.[1]

6. As directed by the USPTO, C Change submitted amended requests for reexamination on June 2, 2009.

---

[1] While the Court's docket entry simply indicates that the Motion to Stay was denied, when C Change requested during the hearing clarification of the ruling, the Court clarified that the Motion was denied *pending* action by the USPTO.

2

US2000 11425858.1

7.     On July 16, 2009, the USPTO granted C Change's requests for reexamination of both of the patents in suit.   Specifically, the USPTO found that "substantial new question[s] of patentability ("SNQ") [are] raised by the request[s] for reexamination and prior art cited therein . . . ."   Accordingly, the USPTO is currently reexamining all of the claims in both of the patents in suit.

8.     Since the Initial Pretrial Conference on May 21, discovery has progressed very little.  The discovery exchanged in this case to date consists of the following:  (a) on June 1, 2009, the parties exchanged written Initial Disclosures; (b) on June 23, C Change voluntarily made available for inspection the Accused Product and, in connection with the inspection, voluntarily provided to MSI a handful of documents (15 pages in total) regarding the Product (e.g., an operation manual, schematics, etc.); (c) on July 1, MSI served "Infringement Contentions;" (d) MSI has produced some documents to C Change, although the documents comprise only photographs taken during the voluntary inspection and the prosecution histories of the patents in suit, and (e) on July 13, MSI served Requests for Admission.   While MSI attempted to notice depositions of C Change representatives and certain third parties, each of those notices were subsequently withdrawn by MSI or postponed to an undetermined date in the future.  Moreover, the parties have made no effort to finalize the protective order that was proposed by C Change on June 4 (or otherwise negotiate a protective order for the litigation).

US2000 11425858.1

9.      In light of the USPTO's decision that there are substantial new questions of patentability regarding *all* of the claims in *both* of the patents in suit, C Change respectfully renews its request that the litigation be stayed pending reexamination.

10.      MSI remains opposed to a stay of the litigation.

WHEREFORE, for the foregoing reasons, and for the reasons stated in the accompanying Brief in Support of Plaintiff's Renewed Motion of C Change Surgical LLC to Stay Pending Reexamination, C Change respectfully requests that a stay be entered pending reexamination.

This, the 31st day of July 2009.


/s/ Tonya R. Deem_____
Steven Gardner
N.C. State Bar No. 20984
Email:  sgardner@kilpatrickstockton.com
Tonya R. Deem
N.C. State Bar No. 23075
Email:  tdeem@kilpatrickstockton.com

Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

*Attorneys for Plaintiff C Change Surgical LLC*

US2000 11425858.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Status Report was served upon:

William K. Davis
Bell Davis & Pitt, P.A.
100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101


James H. Laughlin, Jr.
John P. Moran
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006

This 31st day of July 2009 by electronic service.


/s/ Tonya R. Deem____
Tonya R. Deem
*Attorney for Plaintiff*

US2000 11425858.1