IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| C CHANGE SURGICAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 1:06-CV-785-TDS-WWD |

## MEDICAL SOLUTIONS, INC'S OPPOSITION TO THE
## MOTION TO CONTINUE THE STAY PENDING PATENT REEXAMINATION

The patentability of all claims asserted in this case has been confirmed by the U.S. Patent and Trademark Office ("USPTO"). There is no need to stay this case pending reexamination of claims that are not at issue. Declaratory Judgment Plaintiff C Change Surgical LLC's ("C Change") motion to continue the stay pending reexaminations of claims that are not at issue in this case should therefore be denied.

Moreover, this Court expressly ordered that the stay would be extended "only on a stipulation by Plaintiff similar to the stipulation entered by the court in *Antor Media corp. v. Nokia, Inc.*"[1] Because C Change did not stipulate as ordered, and instead proposes a fundamentally different stipulation, the stay should not be continued pending reexamination of claims that are not at issue in this case.

---

[1] *See* Docket No. 45 at 2.

1

## I. The Stay Should Not Be Continued – The Patentability of All Asserted Claims Has Been Confirmed

The patentability of all of the asserted claims has been confirmed; a fact even C Change acknowledges.[2] Thus, only claims that are not at issue in this case remain in the reexaminations. C Change's motion to continue the stay pending reexaminations of claims that are not at issue in this case should be denied.

### A. The Examiner Has Not Construed Claim Terms as Alleged By C Change

This case was filed by C Change; and has been pending for over three years. C Change asserted in its complaint that its legal rights are of "sufficient immediacy" that it needs "relief from delay regarding" those rights.[3] Yet, three years later, C Change again seeks to delay its own case. In attempting to justify further delay of its case, C Change argues that the Examiner has interpreted relevant claim terms, such as "controller." This argument is legally and factual unfounded.

C Change ignores fundamental law –for issued U.S. patents, it is the Court's "obligation to construe as a matter of law the meaning of language used in the patent claim.[4] That contrasts with the patent examination procedure at the USPTO. The USPTO requires that Examiners "*[d]uring patent examination*, the pending claims must be "given their broadest reasonable construction 'in light of the specification as it would be interpreted by one of ordinary skill in the art.'"[5] The Federal Circuit in *Phillips* even used the USPTO patent examination practice to guide courts when, interpreting the claims of an issued U.S. patent, stating that it is "entirely

---

[2] *See* Docket No. 51 at 4.
[3] *See* Docket No. 1.
[4] *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996).
[5] *See* Manual of Patent Examination Procedures, Section 2111 (emphasis added), *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005), *In re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984) (holding that in reexaminations before the PTO, claims are given their broadest reasonable interpretation consistent with the specification).

2

appropriate for a court, when conducting claim construction, to rely heavily on the written description for guidance as to the meaning of the claims."[6]

Ignoring the fundamental principle that it is the court's obligation to construe the claims of an issued U.S. patent, C Change makes the faulty suggestion that when an Examiner applies prior art to the claims during the examination process, it is construing claims.[7] Following C Change's suggestion, claims are actually "construed" by the USPTO in every patent where the Examiner applies prior art to the claims. Thus, to interpret the claims of a patent, all that any court needs to do is, as C Changes argues this Court should here, look at what the USPTO does because, according to C Change, the USPTO Examiner has already construed the claims. That is not the law. If it were, then the Federal Circuit in *Phillips* would not have had to provide any guidance to the courts; and Markman hearings would almost never be needed because claim construction would already have been done by the USPTO during the examination procedure. That is not the case, because the USPTO does not construe claims as C Changes expressly argues.[8]

Contrary to C Change's argument, the Examiner has not "interpreted the claim term 'controller' of the non-asserted claim 27 of the '380 patent to mean a device that adjusts the current passing trough a heating element."[9] In making that allegation, C Change cites to two pages of the Reexamination Office Action for the '380 patent.[10] The cited pages do not support C Change's conclusion. Instead, the pages show the Examiner applying prior art to the claims during the examination process, which is the Examiner's duty. For example referring to the prior art, the Examiner states:

---

[6] *See Phillips v. AWH Corp.*, 415 F.3d at 1317.
[7] *See e.g.*, Docket No. 51, at 4.
[8] *See e.g., Id.*
[9] *See* Docket No. 51 at 4.
[10] *See* Docket No. 47-2, at 8-9, which correspond to pages 5-6 of the cited Office Action.

3

> 'Temperature control unit 54 includes a device for adjusting the current passing through the heating elements 56a and 56b to permit selective adjustment of the heat supplied' to the respective storage areas. This is seen to teach the one controller controlling multiple storage areas maintained at different temperatures as claimed.[11]

At most, the Examiner's comment suggests that he currently believes that the non-asserted claims have a scope that may include a structure such as described by the prior art. No where does he state that the claims are limited to the particular structure shown in the prior art. No where does the Examiner make any statement similar to that attributed to him by C Change. C Change's claim that the Examiner has interpreted "controller" to have a specific meaning is not supported by either the Examiner's statements or common U.S. Patent practice.

### B. Alleged Determinations Of the Content and Scope of Prior Art Do Not Justify Further Delaying This Case

C Changes alleges that "the First Office Actions have made determinations regarding the content and scope of the prior art."[12] Based on this allegation, C Change concludes that "there is a significant risk of duplicative and potentially inconsistent rulings should this case go forward while the reexaminations are pending."[13] There is no risk of duplicative rulings. Obviously, only the asserted claims are at issue in this case. And only the validity of the non-asserted claims remains before the USPTO. The USPTO and this Court are addressing different claims. Thus, whatever ruling the USPTO makes on the validity of the non-asserted claims, there is no likelihood of that decision being duplicative of any eventual ruling this Court may make concerning the asserted claims. The different forums are addressing different claims.

As with C Change's unsupported allegation that Examiner has construed claim terms, the Examiner has not made determinations on the scope and content of the prior art. To the extent

---

[11] *See Id.*
[12] *See* Docket No. 51 at 4.
[13] *See* Docket No. 51 at 5.

4

that the Examiner currently asserts that the prior art shows certain elements of the non-asserted claims, this is his duty – to apply prior art to the claims in accordance with standard U.S. Patent practice.

C Change's argument concerning the scope of the prior art ignores an important point: the USPTO is examining non-asserted claims. The scope of the non-asserted claims is different than and broader than the claims asserted in this case. This is evidenced by the non-asserted claims being rejected; and the patentability of the asserted claims being confirmed. Because the USPTO is examining claims that have a different, broader scope than those asserted in this case, prior art cited in the examination of the non-asserted claims may yield prior art that may or may not be relevant to the asserted claims. C Change's vague allegation of unspecified possible duplicative or inconsistent rulings is factually unsupported – the two forums are addressing different claims of different scope, which by definition may yield a different scope of prior art. Moreover, even if there was a possibility of different results, which there is not in this case, the Federal Circuit has stated "[D]ifferent results between the two forums may be entirely reasonable."[14] Thus, C Change has not presented any evidence justifying any further delay of this case, a case which C Change filed nearly three and a half years ago alleging that it needed relief from delay regarding its rights.[15]

## II. The Stay Should Not Be Continued Because C Change Failed to Stipulate as Ordered

This Court expressly ordered that the stay would be extended "only on a stipulation by Plaintiff similar to the stipulation entered by the court in *Antor Media corp. v. Nokia, Inc.*"[16] Because C Change did not stipulate as ordered, and instead proposes a fundamentally different

---

[14] *See e.g., Ethicon, Inc.,* 849 F.2d at 1428-29.
[15] *See* Docket No. 1.
[16] *See* Docket No. 45 at 2.

5

stipulation, the stay should not by continued pending reexamination of claims that are not at issue in this case.

C Change apparently views this Court's order simply as an invitation[17] to argue for a different stipulation. Instead of the straight forward, thirty-six word stipulation ordered by this Court, C Change states that it will agree to a different stipulation, that is more than twice as long, with multiple, fundamental changes and conditions. For example, the stipulation ordered by this Court required C Change to agree "not to challenge the [asserted] patent[s] ***based on*** any prior art publications that were ***considered*** in the reexamination process." [18] Essentially, if the prior art was considered by the USPTO, regardless of how it was used, then it cannot be used again in the litigation. The purpose of this stipulation is simple – to prevent the patent challenger two bites at the apple,[19] which as C Change' proposed stipulation shows, it what C Change wants here.

In C Change's counterproposal to this Court's order, whether the prior art was considered by the Examiner is not relevant. Instead, C Change proposes that it be allowed to use: (a) all prior art, even if it was ***considered*** by the Examiner, that was not actually ***applied*** to the claims, and (b) all prior art that was actually ***applied*** to the claims if it is combined with art not applied to the claims. These are fundamental changes.

As the first office actions in each of the reexaminations show, the Examiner ***considered*** all of the prior art submitted with the reexamination requests,[20] but exercised his judgment and

---

[17] *See* Docket No. 45 at 7 ("The court invited C Change to apply for a continuation of the stay.")
[18] *See, Antor Media corp. v. Nokia, Inc.* No. 2:05CV186 (E.D. T Sept. 27, 2006)(unpublished), at Docket No. 51-1.
[19] *See,* Docket No. 51-1 at 10 (The Court rejects Defendants' proposed stipulation because, quite simply, Defendants should not have two bits at the apple · · · Defendants chose to file requests for *ex parte* reexamination and Defendants should not be allowed to raise at trial any printed publications considered during the reexamination process.")
[20] *See,* Docket No. 47-1 at 6 and Docket No. 47-2 at 3-4.

only *applied* a fraction of that art.[21] Thus, C Change seeks to exclude only a fraction of the prior art considered by the USPTO, and even then under limited circumstances. C Change's proposal allows it to reargue the prior art already considered by the USPTO, but not applied. Moreover, even if the Examiner applied prior art, C Change seeks to be allowed to reargue that prior art, if used in combination with other prior art, not applied by the Examiner. Essentially, C Change wants its cake and to eat it to. It wants further delay so that the USPTO can consider the prior art; and it wants the freedom to challenge the patents based on art already considered by the USPTO.

C Change's limited stipulation undercuts the whole purpose of this Court's stipulation, to ensure that C Change does not use this case to relitigate prior art already considered by the USPTO. Because C Change did not submit a stipulation as ordered, and instead proposes a fundamentally different stipulation, the stay should not by continued pending reexamination of claims that are not at issue in this case.

In addition, it is noteworthy that even the stipulation C Change chooses a part of, shows that the parties acknowledged that the stay should be lifted when the patentability of one or more of the asserted claims was confirmed.[22] Here the patentability of all of the asserted claims have been confirmed. Thus, even the stipulation cited by C Change dictates that, and for the reasons discussed in above, the motion to continue the stay should be denied.[23]

---

[21] *See,* Docket No. 47-1 at 7-8, applying only art from the Office Action list entry no. 1 found at Docket No. 47-1; p. 6; and Docket No. 47-2 at 7-9, applying only art from the Office Action list entries A and G found at Docket No. 47-2 pp.3-4.

[22] *See, e.g.,* Docket No. 51-2 at 3 ("The parties agree that if there is an Office Action that confirms patentability of one or more of the asserted claims, the stay will be lifted upon motion by Anator.")

[23] C Change also alleges that its fundamentally different stipulation is needed to prevent abuse of the reexamination process, when even C Change acknowledges that MSI may not engage in the abuse. C Change's argument that its fundamentally different stipulation is needed because of misconduct of another party, without the slightest hint of similar conduct by MSI, does not justify further delay of this

7

## III. There Is No Reason To Further Delay This Case

C Change's motion revisits some of its arguments presented in its original motion for a stay.[24] These arguments remain subject to the same fundamental legal and factual flaws:

- Any lack of discovery in this case is a direct result of C Change's continual efforts to evade and frustrate MSI's legitimate discovery requests.

- Reexaminations have an average pendency of two to three years to complete. This is beyond dispute and C Change had not disputed this.[25] Delaying this case for reexamination of claims not at issue in this case is not judicial economy; it is justice delayed, which as the adage says, is justice denied.

- Allowing C Change to relitigate validity using prior art already considered by the USPTO does not achieve any judicial economy.

- Medical Solutions, Inc. ("MSI") will be irreparably harmed by a stay. A delay in this litigation of two to six years will allow C Change to continue marketing the infringing device, which will cause MSI market share loss and harm its ability to create customers relationships.

- C Change has wholly failed to make the judicially-required showing that it will suffer a clear case of hardship if the stay is not granted.

Continuation of the stay is not likely to serve any function other than delaying this case by years and causing further injury to MSI. Accordingly, this Court must deny C Change's motion to continue the stay.

## IV. CONCLUSION

For all the foregoing reasons, C Change's motion to continue the stay must be denied. It is yet another transparent attempt to frustrate the judicial process and cause irreparable harm to MSI. The further delay contrasts with the activity that, in accordance with the scheduling order,

---

action; nor does it justify a remedy for a wrong that even C Change's liberal argument style cannot attribute to MSI.

[24] See, e.g., Docket No. 51 at 5-6.

[25] See, e.g., United States Patent & Trademark Office, Ex Parte Reexamination Filing Data – March 31, 2009 (hereinafter "PTO Ex Parte Data") (reporting that the average pendency of ex parte examinations since reexamination began on July 1, 1981 is 24.8 months)

8

would be occurring now. The parties would have already exchanged claim terms last month. Instead, because of C Change's repeated efforts to delay, this case is bogged down in yet another round of briefing on yet a further stay of this case. C Change has not presented any legitimate reason to further delay this case, and the motion to continue the stay should be denied.

Filed: January 4, 2010            Respectfully Submitted,

                                         /s/ John P. Moran
                                         John P. Moran (*Admitted Pro Hac Vice*)
                                         HOLLAND & KNIGHT LLP
                                         2099 Pennsylvania Ave., N.W., Suite 100
                                         Washington, D.C. 20006
                                         Telephone: (202) 955-3000
                                         Facsimile: (202) 955-5564
                                         Email: jim.laughlin@hklaw.com
                                         Email: john.moran@hklaw.com

                                         William K. Davis, Bar No. 1117
                                         Alan M. Ruley, Bar No. 16407
                                         BELL DAVIS & PITT, P.A.
                                         100 N. Cherry Street, Suite 600
                                         Post Office Box 21029
                                         Winston-Salem, NC 27101
                                         Telephone: (336) 722-3700
                                         Facsimile: (336) 722-8153
                                         Email: wdavis@belldavispitt.com
                                         Email: aruley@belldavispitt.com

                                         **ATTORNEYS FOR DEFENDANT**
                                         **MEDICAL SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2010, I served a copy of the foregoing via the Courts CM/ECF system on the following:

>Tonya R. Deem
>John Steven Gardner
>KILPATRICK STOCKTON LLP
>1001 West Fourth Street
>Winston-Salem, NC 27101-2400
>Email: tdeem@kilpatrickstockton.com
>Email: sgardner@kilpatrickstockton.com
>
>*Counsel for Plaintiff C Change Surgical LLC*

                                      /s/ John P. Moran
                                      John P. Moran

10

Case 1:06-cv-00785-TDS-WWD   Document 52   Filed 01/04/10   Page 10 of 10