IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| C CHANGE SURGICAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL SOLUTIONS, INC.,<br><br>Defendant. | Case No. 1:06CV785-UA-WWD |

## JOINT RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), Tonya R. Deem and Matias Ferrario, counsel for Plaintiff C Change Surgical LLC ("C Change"), and John Moran, counsel for Defendant Medical Solutions, Inc. ("MSI"), have held various telephone conferences on, among other dates, March 9, 2010 to discuss, among other things, (i) the nature and bases of their claims and defenses; (ii) the possibilities for a settlement or resolution of this case; and (iii) a proposed discovery plan. The parties, having reached agreement, submit the following proposed discovery plan pursuant to Local Rule 16.1 and Federal Rule of Civil Procedure 26(f).

### PROPOSED SCHEDULING ORDER

**1.    Discovery Plan.**

**a.    Discovery Subjects**: The parties anticipate that discovery will be needed on the issues of: (i) infringement; (ii) patent invalidity; (iii) patent unenforceability; (iv) damages; (v) willfulness, and (vi) any other pleaded assertions and defenses made by the parties. The foregoing list is not meant to be exhaustive, and the parties reserve the right to take discovery on additional subjects as the case progresses.

1

US2000 11283590.1

b.   **Case Management Track**:  The parties agree that the appropriate plan for this case, with stipulated modifications by the parties as set out below, is exceptional.

c.   **Completion of Discovery**:  Claim construction discovery shall close forty-five (45) days after the parties file their Joint Claim Construction Statement.  Fact discovery shall close ninety (90) days after the Court's written decision on claim construction.  Expert discovery shall close sixty (60) days after the deadline to serve any rebuttal expert reports.

d.   **Previously Served Discovery**:  All previously served discovery, except for the parties' initial disclosures served on June 1, 2009 and the documents the parties have already produced, is withdrawn and may be re-served.  Previously served discovery includes all interrogatories, deposition notices, subpoenas, infringement contentions, requests for admissions, and any and all other discovery served (with the exception of the parties' initial disclosures and the documents exchanged between the parties) prior to March 17, 2010.

e.   **Modifications to the Case Management Track**:

   i.   *Initial Disclosures*:  The parties exchanged initial disclosures on June 1, 2009.

   ii.   *Limits on Discovery*:

   (1)   Interrogatories:  Each party may serve up to twenty-five (25) written interrogatories including all discrete subparts.

   (2)   Requests for Admissions:  There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  In addition, the parties may serve up to twenty-five (25) requests for admission.

   (3)   Depositions:  Each party may take up to ten (10) depositions (including any experts).  The parties will work together in good faith to schedule the depositions

at times and locations mutually convenient with both parties and in accordance with the deadlines provided for herein.

(4) <u>Willfulness; Discovery of Opinions of Counsel</u>: The substance of any advice of counsel tendered in defense to a charge of willful infringement, and any other information which might be deemed to be within the scope of a waiver attendant to disclosure of such advice, shall not be discoverable until the earlier of: five (5) days after a ruling on summary judgment indicating a triable issue of fact to which willfulness would be relevant; or sixty (60) days prior to the close of fact discovery.

*iii.* ***Disclosure of Experts and Expert Reports****:* Each party shall make its initial expert witness disclosures and reports as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure on the issues on which each bears the burden of proof no later than thirty (30) days after the close of fact discovery. Each party shall make its initial expert witness disclosures and reports required by Rule 26(a)(2) on the issues on which the opposing party bears the burden of proof no later than thirty (30) days after the first round of disclosures and reports. Each party shall make any rebuttal expert witness disclosures and reports permitted by Rule 26(a)(2) no later than thirty (30) days after the second round of disclosures. Expert discovery shall close sixty (60) days after the deadline for service of any rebuttal expert reports.

**2.      Disclosure of Asserted Claims and Contentions.**

   a.      *Asserted Claims and Preliminary Infringement Contentions.*

            (i)      On May 1, 2010 or fourteen (14) days following entry of the Rule 26(f) report, whichever is later, MSI shall update and serve it "Disclosure of Asserted Claims and Preliminary Infringement Contentions" containing at least the following information:

                     (1)     Each claim of each patent in suit that is alleged infringed;

                     (2)     Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of C Change of which MSI is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

                     (3)     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that MSI contends is governed by the sixth paragraph of 35 U.S.C. § 112, the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

                     (4)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

                     (5)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

4

(6) If MSI wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, MSI must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(ii) With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," MSI must produce or make available for inspection and copying to the extent it has not already done so:

(1) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit;

(2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in the Disclosure of Asserted Claims and Preliminary Infringement Contentions, whichever is earlier; and

(3) A copy of the file history for each patent in suit.

MSI shall separately identify by production number which documents correspond to each category.

US2000 11283590.1

**b.     *Non-Infringement and Invalidity Contentions.***

(i)     Not later than sixty (60) days after service upon it of the updated "Disclosure of Asserted Claims and Preliminary Infringement Contentions," C Change, shall serve its "Preliminary Non-Infringement and Invalidity Contentions."

(ii)     Non-Infringement Contentions shall contain a chart, responsive to MSI's Preliminary Infringement Contentions, that states as to each identified element in each asserted claim, whether such element is present literally or under the doctrine of equivalents in each Accused Instrumentality, and, if not, the reason for such denial and the relevant distinctions.

(iii)     Invalidity Contentions must contain the following:

(1)     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, identifying each item with specificity;

(2)     Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(3)     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that C Change contends is governed by 35 U.S.C. § 112, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(4)     Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112.

(iv)     With the "Preliminary Non-Infringement and Invalidity Contentions," C Change must produce or make available for inspection and copying: (1)

6

documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by MSI in its infringement contentions; and (2) a copy of each item of prior art identified in its invalidity contentions that does not appear in the file history of the patent(s) at issue.

    c.    *Final Contentions*

Each party's "Preliminary Infringement Contentions" and "Preliminary Non-Infringement and Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

    (i)    If MSI believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced by C Change pursuant to Paragraph 2.b.iv. above so requires, not later than thirty (30) days after service by the Court of its Claim Construction Ruling, MSI may serve "Final Infringement Contentions" that amend its "Preliminary Infringement Contentions."

    (ii)    Not later than forty-five (45) days after service by the Court of its Claim Construction Ruling, C Change may serve "Final Non-Infringement and Invalidity Contentions" that amend its "Preliminary Non-Infringement and Invalidity Contentions" if MSI has served "Final Infringement Contentions" pursuant to Paragraph 2.c.i. above, or C Change believes in good faith that the Court's Claim Construction Ruling so requires.

**3.**    **Claim Construction**

    a.    *Exchange of Proposed Terms and Claim Elements*

    (i)    Not later than thirty (30) days after service of C Change's "Preliminary Non-Infringement and Invalidity Contentions," each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and

identify any claim elements which that party contends should be governed by the sixth paragraph of 35 U.S.C. § 112.

(ii) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

**b.** *Exchange of Preliminary Claim Construction and Extrinsic Evidence.*

(i) Not later than twenty (20) days after the exchange of "Proposed Terms and Claim Elements for Construction," the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by the sixth paragraph of 35 U.S.C. § 112, identify the structure(s), act(s), or material(s) corresponding to that element.

(ii) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(iii) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Statement.

**c.** *Joint Claim Construction Statement*

Not later than forty-five (45) days after the parties exchange their "Preliminary Claim Constructions" the parties shall file a Joint Claim Construction Statement, containing the following information:

(i) The construction of those claim terms, phrases, or clauses on which the parties agree.

(ii) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

(iii) The anticipated length of time necessary for the Claim Construction Hearing.

(iv) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness together with a summary of that witness' anticipated testimony in the Claim Construction Hearing, and for each expert, a disclosure and report as required by Federal Rule 26(a)(2)(A) and (B).

**d.** *Completion of Claim Construction Discovery*

Not later than forty-five (45) days after service and filing of the Joint Claim Construction Statement, the parties shall complete all discovery relating to claim construction,

US2000 11283590.1

Case 1:06-cv-00785-NCT -WWD   Document 57   Filed 03/15/10   Page 9 of 14

including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement.

      e.   *Claim Construction Briefs*

        (i)   Not later than sixty (60) days after serving and filing the Joint Claim Construction Statement, each party shall serve and file an opening brief and any evidence supporting its claim construction.

        (ii)   Not later than thirty (30) days after service upon it of an opening brief, each party shall serve and file its responsive brief and supporting evidence.

**4.**   **Dispositive Motions**: All dispositive motions shall be filed on or before forty-five (45) days after the close of expert discovery. Oppositions to any such motions shall be filed forty-five (45) days thereafter. Replies in further support of any such motions shall be filed thirty (30) days thereafter.

**5.**   **Supplementations under Rule 26(e)**. Supplementations are due as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

**6.**   **Mediation**: The parties previously participated in mediation and have agreed to continue their discussions. The parties agree to further mediation under the guidance of this Court early in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties have jointly selected Jon Harkavy of Greensboro, North Carolina to mediate the Parties' dispute.

**7.**   **Other items**

      a.   **Joinder of Parties and Amendment of Pleadings:** The parties should be allowed until ninety (90) days from the commencement of fact discovery to join additional

10

US2000 11283590.1

parties or amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

  **b.**  **Trial by Magistrate**: The parties do not consent to a trial of this action by a Magistrate Judge.

  **c.**  **Protective Order:** The parties have discussed a protective order governing the treatment of confidential materials produced in discovery and anticipate filing a joint motion for entry of agreed protective order. The parties recognize that some initial discovery in this case may be delayed pending resolution of that motion.

  **d.**  **Privilege Log:** The parties agree that no party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log.

  **e.**  **Expert Discovery:** Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation.

f.  **Form of Document Production:**  The parties have agreed that documents and electronically stored information shall be produced electronically (e.g., on compact discs) in an imaged format (e.g., TIFF), with load files.  Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native format (or any format other than images as described above), and metadata need not be produced.  To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements.  The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

g.  **Service via Email:**  The parties agree that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via email addressed to up to two attorneys of record for each receiving party, such attorneys to be identified by the parties.

h.  **Length of Trial:**  The parties anticipate that the trial of this matter will take five (5) days.

i.  **Other orders pursuant to Rule 26(c), Rule 16(b) or 16(c):**  Other than a Protective Order governing discovery that the parties intend to submit to the Court for entry in the near term, the parties do not anticipate needing any other orders at this time.

12

Respectfully submitted, this the 15th day of March 2010.

| | |
|---|---|
| /s/ Tonya R. Deem | /s/ John P. Moran |
| Steve Gardner, N.C. State Bar No. 20984 | John P. Moran (*Admitted pro hac vice*) |
| Tonya R. Deem, N.C. State Bar No. 23075 | |
| Matias Ferrario, N.C. State Bar No. 38723 | HOLLAND & KNIGHT, LLP |
| | 2099 Pennsylvania Ave., N.W. |
| KILPATRICK STOCKTON LLP | Suite 100 |
| 1001 West Fourth Street | Washington, D.C. 20006 |
| Winston-Salem, NC 27101-2400 | Phone: (202) 955-3000 |
| Phone: (336) 607-7300 | Facsimile: (202) 955-5564 |
| E-mail: sgardner@kilpatrickstockton.com | E-mail: john.moran@hklaw.com |
| E-mail: tdeem@kilpatrickstockton.com | |
| E-mail: mferrario@kilpatrickstockton.com | William K. Davis, N.C. State Bar No. 1117 |
| | Alan M. Ruley, N.C. State Bar No. 16407 |
| *Attorneys for C Change Surgical LLC* | |
| | BELL DAVIS & PITT, P.A. |
| | 100 N. Cherry Street, Suite 600 |
| | Post Office Box 21029 |
| | Winston-Salem, NC 27101 |
| | Phone: (336) 722-3700 |
| | Facsimile: (336) 722-8153 |
| | E-mail: wdavis @belldavispitt.com |
| | E-mail: aruley@belldavispitt.com |
| | |
| | *Attorneys for Medical Solutions, Inc.* |

IT IS SO ORDERED:

Dated: _____   _____

                                                                                       Honorable

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2010, the foregoing **RULE 26(f) REPORT OF PLAINTIFF C CHANGE SURGICAL LLC** was electronically filed with the Clerk of Court using the CM/CEF System that will send notification of such filing to the following:

>William K. Davis
>Alan M. Ruley
>Bell Davis & Pitt, P.A.
>Century Plaza
>100 N. Cherry Street, Suite 600
>Winston-Salem, NC 27101
>Email: wdavis@belldavispitt.com
>Email: aruley@belldavispitt.com
>
>John P. Moran
>Holland & Knight, LLP
>2099 Pennsylvania Ave., N.W., Suite 100
>Washington, D.C. 20006
>Email: john.moran@hklaw.com

>/s/ Tonya R. Deem
>Tonya R. Deem
>*Attorney for Plaintiff*